# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD DENNIS CHAMBERS** and **SHERDENA MARIE CHAMBERS**, | : : : : | CIVIL ACTION NO. 1:10-CV-427 |
| | : | (Judge Conner) |
| Appellants | : : | |
| v. | : : | |
| **UNITED AUTO CREDIT CORPORATION**, | : : : | |
| Appellee | : : | |

## **MEMORANDUM**

Presently before the court is an appeal from an order of the United States Bankruptcy Court for the Middle District of Pennsylvania, dated January 21, 2010, wherein the Bankruptcy Court denied a motion filed by appellants, debtors Ronald Dennis Chambers and Sherdena Marie Chambers (the "Chambers"). The Chambers' motion which was denied in the January 21, 2010 order was a motion to dismiss an objection to their second amended Chapter 13 Plan. In the pending appeal, the Chambers claim that the Bankruptcy Court improperly permitted appellees United Auto Credit Corporation ("UACC") to pursue an objection that the Bankruptcy Court had previously overruled, when UACC objected to the same provision of the Chambers' original Chapter 13 Plan. For the reasons that follow, this court will affirm the order of the Bankruptcy Court.

I.  **Statement of Facts**

The Chambers filed a petition under Chapter 13 of the Bankruptcy Code on July 28, 2009. Their Chapter 13 Plan, filed on the same date, proposed, *inter alia*, to pay UACC—one of the Chambers' creditors with a secured claim—according to modified terms. UACC objected to the Plan. The Bankruptcy Court held a confirmation hearing on October 22, 2009. UACC did not appear at the hearing, and the Bankruptcy Court overruled UACC's objection "for want of prosecution." UACC did not seek reconsideration of the Bankruptcy Court's disposition of its objection, nor did UACC seek leave to appeal.

On November 23, 2009, the Chambers filed a First Amended Plan. The treatment of UACC's claim was not modified by the First Amended Plan. UACC filed an objection to the First Amended Plan which was virtually identical to UACC's objection to the original plan. On December 9, 2009, the Chambers filed a Second Amended Plan. Once again, the proposed treatment of UACC's claim remained the same. UACC objected to the Second Amended plan in another objection that was, in all material respects, identical to its earlier two objections.

On January 6, 2010, the Chambers moved to dismiss UACC's objection to the Second Amended Plan. They argued that UACC should be estopped from raising an objection identical to its overruled objection to the original plan. The Bankruptcy Court denied the motion to dismiss on January 21, 2010. The Chambers appealed the Bankruptcy Court's order, and their appeal is ripe for disposition.

## II. Standard of Review

An appeal from a Bankruptcy Court's order places the District Court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the Bankruptcy Judge. In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); see also FED. R. BANKR. P. 8013. The factual findings of the Bankruptcy Court are reviewed under the "clearly erroneous" standard but its legal conclusions are reviewed *de novo*. Sharon Steel, 871 F.2d at 1222-23. This court will not disturb the resolution of an issue committed to the discretion of the Bankruptcy Court unless a manifest abuse of that discretion is apparent.[1] See id.

## III. Discussion

The Chambers assert that the Bankruptcy Court should have dismissed UACC's objection to the Second Amended Plan. The Chambers invoke the doctrine of *res judicata*, and they argue that the Bankruptcy Court's prior order overruling UACC's objection to the original Plan now compels the dismissal of UACC's objection to the Second Amended Plan, which is virtually identical to the previously overruled objection.

---

[1] Discretionary provisions place in the hands of the lower court the authority to decide whether the final decision is "correct." See Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The appellate court serves only to ensure that discretion was exercised rationally, that all relevant factors were considered, and that no clear analytical error was made. Welch & Forbes, Inc. v. Cendant Corp., 233 F.3d 188, 192 (3d Cir. 2000). The focus is on the means, not the end. A manifest abuse will generally be found only when the lower court failed either to comprehend the nature of its discretion or to employ it reasonably. See Cleary ex rel. Cleary v. Waldman, 167 F.3d 801, 804 (3d Cir. 1999); Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981).

The Chambers raised this argument before the Bankruptcy Court, in their motion to dismiss UACC's objection to the Second Amended Plan. After consideration of the Chambers' position, the Bankruptcy Court ultimately rejected their view of *res judicata* and collateral estoppel, and it denied their motion to dismiss. In doing so, the Bankruptcy Court noted that UACC's objections corresponded to different plans, and on that basis, it distinguished UACC's objections from the objections at issue in In re Wright, 340 B.R. 374 (Bankr. N.D. Ind. 2006), which were raised, overruled, and subsequently re-raised with respect to the same plan. The Bankruptcy Court also opined that, in the instant case, no final judgment was issued. The lower court therefore denied the motion to dismiss the objection.

The undersigned finds no error in the Bankruptcy Judge's decision. The Chambers' reliance on Wright and on the doctrine of *res judicata* are both misplaced. As noted by the Bankruptcy Judge, Wright can easily be distinguished from the instant case on the basis of its distinct procedural posture, and the doctrine of *res judicata* requires a final judgment on the merits, which the instant case lacks. Finding no reason to disturb the order of the Bankruptcy Court, this court will affirm said order and dismiss the Chambers' appeal.

**IV. Conclusion**

For the reasons set forth above, this court will affirm the January 21, 2010 decision of the Bankruptcy Court.

An appropriate order will issue.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge


Dated:      March 8, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD DENNIS CHAMBERS** and **SHERDENA MARIE CHAMBERS**, | : CIVIL ACTION NO. 1:10-CV-427 <br> : <br> : (Judge Conner) |
| Appellants | : |
| v. | : |
| **UNITED AUTO CREDIT CORPORATION**, | : |
| Appellee | : |

## **ORDER**

AND NOW, this 8th day of March, 2011, upon consideration of the bankruptcy appeal filed by Appellants (Doc. 1), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the January 21, 2010 order of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Petition No. 1:09-BK-05768 is AFFIRMED. The Clerk of Court is directed to CLOSE this appeal.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge